**JAFFE, Plaintiff, v. PATTERSON REALTY COMPANY, Defendant.**

Common Pleas Court, Montgomery County.

No. 104360. Decided July 20, 1953.

Pickrel, Schaeffer & Ebeling, for plaintiff.

Smith, Schnacke & Compton, for defendant, Patterson Realty Company.

Kusworm & Kusworm, for defendant, Webster Clothes.

## OPINION

By MILLS, J.

This cause came on for hearing before the court on the second amended petition of Bohlender and Royston Jewelers, Inc. as the substitute party plaintiff for Lawson Jaffe, under an assignment of a certain written contract for lease dated April 7th, 1947, and by reason of the assignment of all the right, title and interest of Lawson Jaffe in and to a certain cause of action pending in the Common Pleas Court of Montgomery County Ohio, as set forth more fully in Plaintiff's Exhibit C introduced into the record in the trial of this cause, and the answer of Patterson Realty Company, a corporation, and the answer of Webster Clothes, Inc., and the reply of plaintiff to the answers of the defendants, and the evidence adduced at the trial, the arguments of counsel and briefs of both plaintiff and defendants.

Plaintiff's second amended petition reads as follows:

"Now comes Bohlender and Royston Jewelers, Inc., an Ohio corporation, which was heretofore substituted by this court for and instead of Lawson Jaffe a party plaintiff herein by virtue of the assignment to it by Lawson Jaffe of all of his right, title and interest in and to a

certain contract for lease hereinafter described in this petition, and this plaintiff says that at all times hereinafter named the defendant, Patterson Realty Company, was and is now the owner in fee simple of the following described real estate, to wit:

Situate in the City of Dayton, County of Montgomery and State of Ohio, and being the office building on the northeast corner of Main and Third Streets in the City of Dayton, Ohio, located on Lot No. 134 of the consecutive numbers of lots on the revised plat of said City of Dayton, Ohio.

Plaintiff further says that on or about the 7th day of April, 1947, said Lawson Jaffe and Patterson Realty Company entered into a written contract whereby the said defendant agreed to lease to Lawson Jaffe that certain part of the above described office building and premises being known as the ground floor, store room, the mezzanine floor, and a portion of the basement space thereunder, for and during the full term of fifteen years commencing from the 1st day of December, 1951; that the said Lawson Jaffe agreed to pay to the defendant as guaranteed rental the sum of Two Hundred and One Thousand Dollars ($201,000.00) payable at the rate of One Thousand Dollars ($1,000.00) per month during the first five (5) years, Eleven Hundred Dollars ($1100.00) per month for the second five (5) years, and Twelve Hundred Fifty Dollars ($1250.00) per month during the third five (5) years of the term of the lease, such payments to be made between the first and tenth days of each and every month during the term thereof, and in addition thereto, as additional rental, a sum, annually, payable within thirty (30) days after the end of each twelve (12) month period, equal to four percent (4%) of the gross business turned in, on, about or from the demised premises by the said Lawson Jaffe, less the guaranteed rental for such twelve (12) month period; report of gross sales to be made monthly and be subject to adjustment, if necessary at the end of each twelve (12) month period.

This plaintiff further says that said Lawson Jaffe prepared and submitted to the defendant, Patterson Realty Company, as required in the last paragraph on page 6 of said lease, detailed plans for the alterations to be made by plaintiff, and requested the defendant for suggestions and final written approval before the work is started, and that the said Lawson Jaffe further offered to perform all of the terms and conditions on his part to be performed in said lease, and made written demand upon the defendant for the execution and delivery to him of the lease in the form agreed upon in said written contract and that he stood ready, willing and able to pay to the defendant the rental payments called for under said form of lease and contract, and that the said defendant has failed and refused to do so and still refuses and continues to refuse to comply with the terms of said contract and lease.

Plaintiff further says that although the said defendant has failed and has refused to perform said contract and to execute a lease in the form called for in said contract, said Lawson Jaffe nevertheless did heretofore tender the first month's rent of One Thousand Dollars ($1,000.00) in court, and further offered to pay all future installments

of rent as they become due, if he is decreed specific performance of said contract and put in possession of said demised premises.

This plaintiff, Bohlender and Royston Jewelers, Inc., further represented to the court that in said written contract for a lease it was stipulated that Lawson Jaffe may assign to said Bohlender and Royston Jewelers, Inc., all of his right, title and interest in and to said contract for a lease and in and to said lease; and that on Thursday, June 12th, 1952, said Lawson Jaffe did sell, assign, transfer and set over to Bohlender and Royston Jewelers, Inc., an Ohio corporation, his said interest in and to said contract and lease, and that by order of this court Bohlender and Royston Jewelers, Inc., has been substituted for and instead of Lawson Jaffe as plaintiff herein, and further that in said assignment Lawson Jaffe did further sell, assign, transfer and set over to Bohlender and Royston Jewelers, Inc., also all of his right, title and interest in and to the cause of action set forth in the original petition of said plaintiff heretofore filed in this action, and that hereafter in this proceeding said Bohlender and Royston Jewelers, Inc., will at all times be referred to as plaintiff in this cause of action.

This plaintiff further represents to the court that it has been informed and believes that Webster Clothes, Inc., a Maryland corporation, claims to have a lease dated September 1, 1951, on the premises above described from Patterson Realty Company, and that by virtue of its said lease-hold claim an interest in said premises, it asserts and will continue to assert possessory rights and interests in said premises adverse to this plaintiff; that any right or claim which said Webster Clothes, Inc., may assert in and to said premises were entered into between it and Patterson Realty Company will full knowledge of the claim of this plaintiff and of its assignor, Lawson Jaffe, in and to said premises, which full knowledge was received on December 16, 1949 by said Webster Clothes, Inc.

Plaintiff says further that it has no adequate remedy at law.

Wherefore plaintiff prays that said contract for a lease be specifically enforced and performed, according to the terms of said contract, and that the defendant, Patterson Realty Company, be required to execute to this plaintiff a lease in the form agreed to between the parties, that the lease and leasehold interest, if any it asserts in said premises of Webster Clothes, Inc., be adjudged to be inferior to, secondary to, and subject to, the prior first leasehold interest and estate of this plaintiff in and to the said premises, and for such other relief as is just and equitable, and its costs herein expended."

The answer of Webster Clothes, Inc., to plaintiff's second amended petition, reads as follows:

"Now comes Webster Clothes, Inc., and for answer to plaintiff's second amended petition admits that by a written instrument dated September 1, 1951, it leased from Patterson Realty Company, the premises described in said second amended petition for a term of five years and one month commencing on December 1, 1951 as set forth in the answer of Patterson Realty Company filed herein; that by virtue of said written instrument of lease this answering defendant has full possessory rights

in and to said premises for the full term set forth in said written instrument of lease, to wit, until December 31, 1956.

For lack of knowledge this answering defendant denies each and every, all and singular of the allegations not herein specifically admitted to be true, which are contained in the second amended petition.

Wherefore, having fully answered, defendant Webster Clothes, Inc., prays that, as to it, the second amended petition of plaintiff be dismissed and that this answering defendant go hence without day at the costs of plaintiff."

The answer of Patterson Realty Company to the second amended petition of Bohlender and Royston Jewelers, Inc., reads as follows:

"Now comes Patterson Realty Company, defendant herein, and for answer to plaintiff's second amended petition admits that it is the owner in fee simple of the real estate described in plaintiff's petition.

Defendant further admits that by order of this court Bohlender and Royston Jewelers, Inc. has been substituted for and instead of Lawson Jaffe as plaintiff herein; and admits that defendant Webster Clothes, Inc., claims to have a lease on the premises described in plaintiff's petition, and says that by a written instrument dated September 1, 1951, it leased said premises to Webster Clothes, Inc. for a term of five years and one month commencing December 1, 1951; but, for want of knowledge, this defendant denies that Webster Clothes, Inc. entered into said lease with full knowledge of the claim of plaintiff and its assignor, Lawson Jaffe, in and to said premises, and for want of knowledge, denies that Webster Clothes, Inc. will continue to assert possessory rights and interests in said premises adverse to plaintiff's claim.

### First Defense

Defendant, Patterson Realty Company, denies each and every allegation contained in plaintiff's petition which is not hereinbefore specifically admitted to be true or which is not hereinbefore, for want of knowledge, specifically denied.

### Second Defense

For its second defense, this defendant incorporates and makes part hereof by reference its first defense the same as if rewritten herein in full, and further says:

At the time of the execution of the alleged written contract of April 7, 1947 referred to in plaintiff's petition, the premises described in said alleged contract were leased to Chasebrook, Inc. under a lease which expired on December 1, 1946, with a right on the part of Chasebrook, Inc. to renew the same for an additional term of five years. Prior to the execution of said alleged contract, said Lawson Jaffe, in 1946, told defendant Patterson Realty Company that he desired to lease said premises for a term of fifteen years, and made an offer to defendant which was in substance as follows:

1. Said Lawson Jaffe would attempt to acquire the lease of Chasebrook, Inc. with its five year renewal option.

2. If said Lawson Jaffe could acquire said lease and its renewal option then said Lawson Jaffe and defendant would cancel said lease and would enter into a new lease for a term of fifteen years.

3. Said new lease would provide for a minimum rental of $12,000 per year, with an additional rental equal to 6% of said Lawson Jaffe's gross business on the premises.

4. Said Lawson Jaffe would undertake certain alterations and remodeling of the leased premises and of the exterior of the building at a cost of $50,000.

Thereafter further negotiations took place between said Lawson Jaffe and defendant, which negotiations resulted in agreement on certain changes in said Lawson Jaffe's proposal. These changes included, among other things, changes in the minimum and percentage rentals, and a change whereby said Lawson Jaffe upon acquisition of the lease with Chasebrook, Inc. could elect to have the term of his new 15 year lease commence either at that time or at the expiration of the Chasebrook lease. Said negotiations ultimately culminated in the approval by both Lawson Jaffe and defendant of a form of said new 15 year lease and the execution of the alleged contract to enter into such lease which is referred to in plaintiff's petition.

The proposal of Lawson Jaffe made in 1946 as aforesaid and the subsequent negotiations hereinabove mentioned, culminated in the alleged agreement to lease referred to in plaintiff's petition, were all premised on the intention and understanding that Lawson Jaffe's acquisition of the lease to Chasebrook, Inc. was a condition precedent to defendant's obligation to enter into the aforesaid 15 year lease with Lawson Jaffe. Acting upon said intention and understanding, and in the belief that Lawson Jaffe understood such to be defendant's intention and understanding, defendant on or about April 7, 1947 delivered to Lawson Jaffe a letter for the purpose of confirming the theretofore verbal understanding between them and attached thereto the aforesaid new form of lease for fifteen years which both Lawson Jaffe and defendant had previously approved. Lawson Jaffe indicated his acceptance of said letter by returning to defendant a signed duplicate copy thereof. It is that letter which constitutes the alleged written contract of April 7, 1947 referred to in plaintiff's petition. When said letter was delivered to Lawson Jaffe, Lawson Jaffe knew that it had been and was defendant's understanding that defendant had promised, and was by said letter promising, that it would enter into the aforesaid 15 year lease with Lawson Jaffe only if Lawson Jaffe could and did acquire the outstanding lease of Chasebrook, Inc., within a reasonable period of time and such was also Lawson Jaffe's understanding of his agreement with defendant and of said letter.

Subsequent to Lawson Jaffe's acceptance of the aforesaid letter of April 7, 1947, Lawson Jaffe attempted to acquire from Chasebrook, Inc. its lease with defendant. Lawson Jaffe failed to acquire said lease. In the summer of 1948 Chasebrook, Inc. requested defendant to consent to an assignment of said lease to Kibler, Inc. Defendant gave its consent to said assignment, but prior to doing so was informed by Lawson Jaffe's agent that Lawson Jaffe had no objection to such consent being given.

Consequent upon the contemplated assignment by Chasebrook, Inc.

of its lease to Kibler, Inc. defendant on or about August 12, 1948, notified Lawson Jaffe in writing that defendant desired to make some alterations to the premises and it was presumed Lawson Jaffe had no further interest in the property since more than a year had expired and he had not acquired the Chasebrook, Inc. lease. Lawson Jaffe thereafter orally advised defendant that he interpreted the aforesaid letter of April 7, 1947 to obligate defendant to lease said premises to him for a term of fifteen years commencing upon the expiration of the lease with Chasebrook, Inc. irrespective of whether Lawson Jaffe had theretofore acquired said lease. Lawson Jaffe had never before asserted such a claim or communicated such a claim to defendant. Defendant immediately informed Lawson Jaffe that such was not defendant's intention and understanding of the transaction; that such an arrangement was not consonant with usual and reasonable business practice; that Lawson Jaffe well knew that such was not and had never been defendant's intention and understanding of the transaction and of the letter of April 7, 1947 hereinabove referred to; and that had defendant known that Lawson Jaffe was taking or would take such a position, or would so interpret the letter of April 7, 1947, then defendant would never have entered into such transaction with Lawson Jaffe nor have delivered said letter of April 7, 1947 to Lawson Jaffe for his acceptance.

Kibler, Inc. failed to accept the aforesaid proposed assignment from Chasebrook, Inc. of the latter's lease expiring December 1, 1951. Thereafter, when Kibler, Inc. failed to accept said assignment from Chasebrook, Inc., Lawson Jaffe requested that defendant refuse to consent to another proposed assignment of the lease to Brooks Clothes, Inc. but to take advantage of a then existing default in the lease by Chasebrook, Inc., thus enabling Lawson Jaffe to then acquire the lease; and Lawson Jaffe further proposed that defendant permit Lawson Jaffe to lease the front of the storeroom as a jewelry store and to permit Singer Sewing Machine Company to occupy the remainder and greater part of said storeroom. Thereafter, in the fall of 1948, Chasebrook, Inc., with defendant's consent, assigned said Chasebrook, Inc., lease to Brooks Clothes, Inc.

In 1949 Lawson Jaffe, without the prior knowledge of defendant, approached Brooks Clothes, Inc. with a proposal that said company release to Lawson Jaffe the remainder of the term of its lease expiring December 1, 1951 upon condition that Lawson Jaffe obtain for said company another location for its Dayton store. When Lawson Jaffe subsequently told defendant that he was negotiating with Brooks Clothes, Inc. as aforesaid, defendant again informed Lawson Jaffe that the latter's acquisition of the Chasebrook lease within a reasonable period of time after the letter of April 7, 1947 was prerequisite to defendant's executing the 15 year lease which was attached to said letter; that Lawson Jaffe well knew that such was defendant's intention and understanding of the transaction and of the letter of April 7, 1947; and that by reason of Lawson Jaffe's failure to acquire the outstanding lease expiring December 1, 1951 any rights which Lawson Jaffe might ever have had to a lease of said premises were abandoned and cancelled.

Defendant says that at no time between April 7, 1947 and just prior to the commencement of this action did Lawson Jaffe demand of defendant that defendant execute and deliver to Lawson Jaffe a lease of said premises for a term of fifteen years commencing December 1, 1951 or for any other term; and further says that Lawson Jaffe has never offered to perform all terms and conditions required of Lawson Jaffe under the proposal for lease offered by defendant and signed by Lawson Jaffe.

By reason of the facts set forth in this second defense, formation of a binding and enforceable agreement to lease said premises was prevented and never occurred; and if an agreement to lease said premises was formed and did exist (which defendant does not admit but specifically denies), then, in such event, said agreement was, by reason of the facts set forth in this second defense, abandoned, rescinded and cancelled.

### Third Defense

For its third defense, defendant incorporates and makes part hereof by reference its first and second defenses the same as if rewritten herein in full, and further says that by reason of the facts therein alleged, among others, defendant believes, and so avers, that this action was not brought by Lawson Jaffe in good faith, and that plaintiff's petition is without equity.

### Fourth Defense

For its fourth defense defendant incorporates and makes part hereof by reference its first, second and third defenses the same as if rewritten herein in full, and further says that by reason of the facts therein alleged, Lawson Jaffe has been guilty of laches; and that by reason of the same facts Lawson Jaffe and his assignee should be and are estopped from maintaining this action and from asserting or claiming either at law or in equity any interest or rights under said alleged agreement to lease (the formation and existence of which defendant does not admit but specifically denies).

Wherefore, defendant prays that this court find and declare the alleged agreement to lease referred to in plaintiff's petition to be void and of no effect, or, in the alternative, that the court reform said agreement so as to conform to the intention and understanding of the parties, and grant such other and further relief in the premises as equity and good conscience require; and that plaintiff's petition be dismissed at plaintiff's costs.

To the answers of Patterson Realty Company and Webster Clothes, Inc., the plaintiff filed the following replies:

"Comes now the plaintiff and for its reply to the answer of Patterson Realty Company denies each and every averment and allegation therein contained and each and every defense thereof, which does not constitute an admission of the material allegations of the plaintiff's second amended petition.

"Wherefore, plaintiff prays for judgment as prayed for in its second amended petition."

"Comes now the plaintiff and for its reply to the answer of Webster

Clothes, Inc., denies each and every averment and allegation therein contained and each and every defense thereof, which does not constitute an admission of the material allegations of the plaintiff's second amended petition.

"Wherefore plaintiff prays for judgment as prayed for in its second amended petition."

Plaintiff, Lawson Jaffe (Bohlender Royston Inc. assignee), after setting forth the alleged contract, prays that the contract for lease be specifically enforced and performed according to the terms of the contract; that the defendant, Patterson Realty Company, be required to execute to this plaintiff a lease in the form agreed to between the parties, and that the lease and leasehold interest, if any it asserts in said premises of Webster Clothes, Inc. be adjudged to be inferior to, secondary to, and subject to, the prior first leasehold interest and estate of this plaintiff in and for the said premises, and for such other relief as is just and equitable.

The defendant, Webster Clothes, Inc. admits that by a written instrument dated September 1, 1951 it leased from Patterson Realty Company the premises described in said second amended petition for a term of five years and one month commencing on December 1, 1951 as set forth in the answer of Patterson Realty Company, and says that this defendant has full possessory rights in and to said premises, and prays that the second amended petition of plaintiff be dismissed.

Defendant, Patterson Realty Company, in its answer denies that the contract for a lease alleged by plaintiff in the amended petition was the contract between Lawson Jaffe and defendant, Patterson Realty Company, and further claims that plaintiff, Lawson Jaffe, before he was entitled to a fifteen year lease of the premises more particularly described in plaintiff's petition was to secure an assignment of said lease from Chasebrook, Inc., Brooks Clothes, and/or Webster Clothes, all successors of Chasebrook, Inc., or doing business then and now as Kibler Clothes, within a reasonable time, and asks for reformation of the contract to express the true intention of the parties, and that plaintiff herein be denied specific performance of his alleged contract.

Plaintiff, Lawson Jaffe, denies in his reply that a condition precedent to plaintiff herein obtaining the fifteen year lease from the defendant, Patterson Realty Company, was first, that plaintiff was to obtain an assignment of the Chasebrook, Inc., Brooks Clothes, and/or Webster Clothes, all successors of Chasebrook, Inc., lease, and further says that the letter of April 7th, 1947 and the attached form of lease and its acceptance by the plaintiff, is the contract for a lease between plaintiff and defendant.

Plaintiff denies that said contract as set forth in plaintiff's petition should be reformed, and prays as in his petition for the specific performance of the contract as alleged in the petition.

These are the issues which the court must determine.

The court has carefully read the transcript of the evidence, the briefs of both counsel for plaintiff and the defendants.

The following is a copy of the letter dated April 7th, 1947 written

by defendant, Patterson Realty Company, to plaintiff, Lawson Jaffe, to which was attached a lease form with all its proposed conditions:

> "The Callahan Building
> 4 North Main Street
> Dayton 2, Ohio
>
> April 7, 1947
>
> Mr. Lawson Jaffe,
> Mayor's Jewelry,
> Third & Main Streets
> Dayton 2, Ohio
> Dear Mr. Jaffe—
>
> This will confirm our verbal agreement with respect to the leasing of the store room and space now occupied by Kibler's Clothing Store in the Callahan Building, Dayton, Ohio, now under lease to Chasebrook, Inc. to November 30, 1951.
>
> It is our understanding that you are now negotiating to secure an assignment of the Chasebrook, Inc. lease. Upon your acquisition of this lease and the vacation of the premises by the present tenant, or upon the expiration of the present lease, we agree to enter into a lease with you, substantially in the form attached hereto as 'Exhibit A,' which lease you may assign to the Bohlender—Royston Jewelers, Inc. without however releasing yourself from the obligation of the lease.
>
> If the foregoing correctly states our verbal agreement, and the attached form of lease is satisfactory to you, will you please sign a duplicate of this letter and return the same to us and it shall constitute our contract.
>
> Very truly yours,
> PATTERSON REALTY COMPANY
> Robert Patterson
> President."

> "Accepted:
>
> Lawson Jaffe
> _____
> Lawson Jaffe
> Dated at Dayton, Ohio this 21 day of
> May, 1947."

The court has examined the letter of April 7, 1947 for ambiguity.

An ambiguity is defined by Bouvier as

"Duplicity, indistinctness or uncertainty of meaning of an expression used in a written instrument."

"Latent ambiguity is that which arises from some collateral circumstance or extrinsic matter in cases where the instrument itself is sufficiently certain and intelligible."

"Patent ambiguity is that which appears on the face of the instrument; that which occurs when the expression of an instrument is so defective that a court which is obliged to place a construction upon it, cannot, placing itself in the situation of the parties, ascertain therefrom the parties' intention."

Quoting from the letter of April 7, 1947

"It is our understanding that you are now negotiating to secure an

assignment of the Chasebrook, Inc. lease.  Upon your acquisition of this lease and the vacation of the premises by the present tenant, or upon the expiration of the present lease, we agree to enter into a lease with you substantially in the form attached herein as 'Exhibit A.' ' "

Quoting from Janet Rankin Aiken, Common Sense Grammar, page 159:.

"And then there is the alternative coordinate 'or' with its correlative 'either,' which offers a choice of two alternatives."

And from the Grammar for Composition by C. H. Ward, page 305:

"A conjunction may work together as a team to connect two words, phrases, or clauses.  The usual combinations are 'either . . . or, neither . . . nor.'  Such combinations are called in all grammars 'correlative conjunctions,' and these are included among the coordinating conjunctions."

" 'Either' is an adverb and when 'or' is used to emphasize the alternative it should be preceded by 'either.' ' "

Further

" 'Or' is a conjunction, marking distribution, an alternative, or opposition and the conjunction 'nor' performs the same office in negative connection with 'either' and the latter with 'neither.' ' "

"To prevent an absurd or unreasonable result the word 'or' used in a contract may be read 'and.' ' "

Munson v. Dayton, 153 Fed. 258-269; Thomas v. City of Grand Junction, 56 Pac. 665-667; Kitchen v. Southern Ry. 1 Annotated Cases 747; Alcott v. Tope, 115 Ill. App. 121; McBride Sugar Co. Ltd. v. Androde, 22 Howard 578-581.

With the latter interpretation of the word "or" as meaning "and" the court permitted a considerable amount of evidence to be introduced to assist the court in arriving at the true meaning of the contract, and was very liberal in the admissibility of testimony.

Quoting from Words and Phrases, Permanent Edition 14, citing Shepard v. City of New Orleans, 25 So. 542:

" 'Or' generally indicates an alternative, corresponding to 'either' as 'either this or that'; that is to say, either one thing or another thing. Thus, in a city charter granting of licenses to barrooms on written consent of the bona fide householders 'or' property holders within 300 feet, 'or' means 'either.' ' "

And

"The word 'or' is said to be a disjunctive particle that marks an alternative, generally corresponding to 'either,' as 'either this or that.' It is said by Webster to be a connective that marks an alternative, as, 'You may read or may write'; that is, you may do one of the things, but not both."

Citing Austin v. Oakes, 1 N. Y. S. 307, 310.

Did the defendant, Patterson Realty Company, in writing the letter of April 7th, 1947, mean Lawson Jaffe was to first obtain the assignment of the Chasebrook, Inc. lease before he was entitled to a fifteen year lease?  If that is what the evidence indicates to the court—that that is what he had to do in order to obtain a fifteen year lease, then the court can read "or" as "and"; but to read "or" as "and" then the contract would mean he was to obtain the Chasebrook lease and im-

mediately be entitled to a fifteen year lease upon the assignment thereof to Lawson Jaffe, and also be entitled to a fifteen year lease upon the expiration of the Chasebrook lease, plus a five year renewal of the Chasebrook lease, which would expire December 1, 1951. Now it could not be both, if that was the meaning of the contract, because that would lead to an absurdity.

Bohlender & Royston, for which company Jaffe was entering into the proposed agreement, were renting from the Home Savings and Loan Company on North Main Street, within fifty feet of the property described in the amended petition known as Kiblers, in the Callahan Building, and Bohlender & Royston had been told that the Home Savings and Loan Company· was about to tear down their building and rebuild, and that as soon as the Home Savings and Loan Company could obtain suitable material to build, that Bohlender & Royston would have to vacate, but that they were permitted to remain in the location on a month to month basis until the Home Savings and Loan Company chose to vacate their building and rebuild, which time was uncertain. That is the reason Lawson Jaffe was anxious to secure the location in the Callahan Building by first obtaining the assignment of the Chasebrook lease so he could move Bohlender & Royston to the Callahan Building location—because of the uncertainty of the time Bohlender & Royston would be able to remain in the Home Savings and Loan Building.

The evidence is conclusive that Lawson Jaffe had at least four conferences with Chasebrook, Brooks Clothes and Kibler's representatives and made every effort to obtain the assignment of the Chasebrook lease, but was unable to obtain the assignment of the lease because of what he thought was the exorbitant cost of the assignment.

The court finds that this information was conveyed to Patterson Realty Company from time to time.

Was there a mutual mistake in the letter of April 7, 1947? Or a mistake on the part of one party, or fraud on the other, or actions and conduct on the part of one party that might be considered as fraud? After consideration of all of the testimony the court is of the opinion that there was not.

Was or is there a patent or latent ambiguity in the letter of April 7, 1947. After consideration of all the testimony the court is of the opinion there was not and is not.

Quoting from 49 American Jurisprudence, page 69:

"Misapprehension and mistake—

"The equitable remedy of specific performance of a contract is governed by equitable considerations so completely that the granting of relief is generally said to be discretionary; such relief is never granted unless it is in accordance with equity and good conscience. It is well settled that equity may properly and generally refuse to issue a decree of specific performance to compel a defendant to complete a contract which he entered into under mistake and which he would not have entered into had he understood its true effect, although it may, when it deems it fair and equitable to do so, order the mistake corrected and decree the performance of the contract as corrected. As is often stated, the agreement must have been entered into without misapprehension,

misrepresentation, or oppression. Specific performance not being a matter of right, equity will refuse to enforce its performance when not clearly satisfied that it embodies the real understanding of the parties. If the mistake is such as to prevent a meeting of the minds of the parties, there is, of course, no contract, and there can be no specific performance. Such a case arises where the parties to the contract did not intend the same thing. The statute of frauds does not operate to preclude one against whom the enforcement of a written contract is sought for showing, by parol proof, a mistake in the written agreement, and by that means destroying the equity of the bill for specific performance.

"Clearly, when the mistake has been produced by the complainant, or when by his conduct he contributed to or induced the defendant's mistake or misapprehension, equity will refuse to lend its aid to compel the specific performance of the contract, if it appears that the defendant would not have entered into it had it not been for such mistake."

The evidence is clear and convincing to the court that before writing this letter both plaintiff and defendant had numerous conferences in regard to the proposed lease, either personally or through the agent of each, and that the defendant herein did not write the letter with the attached proposed lease until both were approved by counsel, and it is evident plaintiff did not accept the contract except after due consideration thereof and after receiving competent advice.

The court has said, and the court will repeat, that it finds there is no mutual mistake, nor mistake by one party and fraud or what is amounting to fraud by the other party as to the letter of April 7, 1947 and the acceptance of the conditions thereunder by the plaintiff. However, it is plain, and so convincing, considering all the testimony adduced at this trial, and in consideration of all the surrounding circumstances, that one of the conditions of the proposed lease, there was mutual mistake or inadvertence on the part of both plaintiff and defendant in omitting as one of the clauses of the proposed lease that plaintiff herein would, before taking possession under his fifteen year lease, expend for his own benefit and the benefit of Bohlender & Royston, a minimum sum of Fifty Thousand Dollars ($50,000.00) for the improvement of the building front, entrance and storeroom.

The court will, therefore, order that the proposed lease contract be so reformed to include a clause sufficiently worded that it will bind the plaintiff herein, Lawson Jaffe, and/or Bohlender & Royston Jewelry Company, to whom the contract of lease was assigned, to expend not less than a minimum of Fifty Thousand Dollars ($50,000.00) for the improvement of the front of the building and the storeroom in accordance with the plans and specifications agreed upon between plaintiff, Lawson Jaffe, and the defendant, Patterson Realty Company, and in accordance with Defendant's Exhibit 1.

The evidence clearly shows that Webster Clothes, as the successor of Chasebrook, Inc. and Brooks Clothes, Inc., obtained a lease for five years and one month beginning December 1, 1951, after having notice of the contract for a lease between plaintiff and defendant herein, and

the assignment of said contract to lease to Bohlender & Royston Jewelry Company.

The court finds that Webster Clothes, before they entered into a lease with Patterson Realty Company, commencing December 1st, 1951, had actual notice of the contract between Lawson Jaffe and his assignees, Bohlender & Royston Jewelry Company, for a lease for fifteen years.

The court therefore orders that the lease and leasehold interests inserted in said premises by Webster Clothes be declared to be inferior to and secondary to the leasehold interest of the plaintiff, Lawson Jaffe and his assignees, Bohlender & Royston Jewelry Company, in and to said premises.

The court further orders that the contract, as set out in the letter of April 7, 1947, together with the proposed form of lease, with the reformation as the court has above indicated, be specifically enforced, and that the defendant, Patterson Realty Company, execute a lease to Bohlender & Royston Jewelry Company, the assignee of the contract and substitute party plaintiff herein, for a period of fifteen years, subject to all the conditions set forth in the attached lease, plus the indicated reformation.

No. 104360. Decided January 4, 1954.

## OPINION

By MILLS, J.

This cause comes on for consideration of the motions of plaintiff, Bohlender & Royston, Jewelers, Inc. and the defendants, Patterson Realty Company and Webster Clothes, Inc., for a new trial.

Upon consideration of said motions by all parties concerned, both plaintiff and defendants, the court overrules the motion of the plaintiff, Bohlender and Royston, Jewelers, Inc., and overrules the motion of the defendant, Patterson Realty Company, and the motion of defendant, Webster Clothes, Inc.

Upon consideration of the motion for new trial of the defendant Webster Clothes, Inc. the court is of the opinion from an examination of the letter of October 12th, 1949, plaintiff's Exhibit D, sent to Mr. Feldman of Webster Clothes, Inc. and the letter of Mr. Jaffe of October 21st, 1949 to Mr. Feldman, Plaintiff's Exhibit E, together with a copy of the letter of October 12th, 1949, and upon examination of the letter of November 1st, 1949 to Mr. Feldman, which is Plaintiff's Exhibit F; upon an examination of a letter of November 28th, 1949 mailed to Mr. Feldman, Plaintiff's Exhibit G, and upon examination of the evidence which shows that Mr. Feldman received a copy of the contract to make a lease between Patterson Realty Company and Mr. Jaffe in behalf of plaintiff, Bohlender & Royston Jewelers, Inc., Mr. Feldman then being president of Webster Clothes, Inc., and Mutual Exhibit O, which is a letter written by Jack Feldman on behalf of Webster Clothes, Inc. dated October 15th, 1949, which is an inquiry to Patterson Realty Company, which reads:

"We have been advised that the store room that we occupy on Third and Main Streets has been leased by a Mr. Lawson Jaffe of Dayton, for a 15 year period following the termination of our lease on November 30, 1951. Please advise us if this is correct:"
and a letter dated October 28th, 1949, Plaintiff's Exhibit G, written by Mr. Stanley J. Brown to Mr. Herman Feldman and the acknowledgement of the receipt thereof by Mr. Jack Feldman on December 2, 1949, as shown in Plaintiff's Exhibit H, and a copy of letter from Mr. Brown to Jack Feldman marked Plaintiff's Exhibit I dated December 14, 1949 enclosing photostatic copies of the court records, which was not constructive notice, but which was photostatic copy of the contract for the lease between Mr. Lawson Jaffe and Patterson Realty Company, and the acknowledgement of the copy of the contract dated December 16, 1949 and marked Plaintiff's Exhibit J, by Mr. Jack Feldman of Webster Clothes, Inc. to Mr. Brown,—the court is of the opinion that Webster Clothes, Inc. had actual knowledge of a contract to make a lease between Mr. Jaffe in behalf of Bohlender & Royston Jewelers, Inc., the substitute plaintiff in this action, and the actual knowledge to defendant Feldman, of Webster Clothes, Inc. of the equities of plaintiff, Bohlender & Royston Jewelers, Inc. to the right of a lease for fifteen years beginning December 1st, 1951 for the property in question.

All these are sufficient facts that would induce a reasonable ordinary intelligent man to conclude that Mr. Jaffe, acting in behalf of Bohlender & Royston Jewelers, Inc. had a prior enforcable contract with Patterson Realty Company to the lease of said premises at the expiration of the lease of Webster Clothes, Inc. on November 30th, 1951.